IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONALD EARL EARLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:14-CV-370-BL |
| | § | ECF |
| | § | |
| SOCIAL SECURITY, ADMINISTRATION, | § | |
| | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

Before the Court is *pro se* Plaintiff's Complaint against the Social Security Administration filed on May 23, 2014. (Doc. 2.) Based on a lack of information in the Complaint, Plaintiff was ordered to show cause as to how this Court has subject matter jurisdiction to hear his case. (Doc. 8.) Plaintiff responded by asserting that jurisdiction was based on the Appeals Council denial of his request for review, which was deemed sufficient. (Doc. 9.)

Plaintiff's Complaint and response to the show cause order, however, fail to state a claim upon which relief may be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that every complaint provide a short and plain statement of the claim showing that the person filing the complaint is entitled to relief. As Plaintiff's motion to proceed *in forma pauperis* was granted, the Court has a duty to dismiss a case at any time if the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). While a court also has an obligation to construe *pro se* complaints liberally, the Plaintiff has failed to include any information from which

the Court could even implicitly construe his complaint as stating a claim. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (per curiam); *see also Boubonis v. Chater*, 957 F.Supp. 1071, 1072 (E.D. Wis. 1997)(finding that a *pro se* plaintiff's complaint must, at minimum, list the ALJ's findings with which he disagrees). The Court provided Plaintiff with multiple opportunities to amend his complaint to comply with the applicable rules of civil procedure (*see* Docs. 8 and 10), but Plaintiff merely responded with conclusory allegations that "[he is] in serious pain everyday . . . and feel[s] that [he is] entitled to relief from [the] Social Security Administration." Because Plaintiff has failed to state a claim upon which relief may be granted, the Court recommends that the District Court dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Based upon the foregoing, it is **RECOMMENDED** that the United States district judge **DISMISS** this case for failure to state a claim upon which relief may be granted.

DATED this 14th day of August, 2014.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.